**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50104 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00241-ODW-1 |
| v. | |
| YUZEF YUNOSOVICH ABRAMOV, aka Yuzef Abramov, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued March 6, 2018; Resubmitted October 31, 2018
Pasadena, California

Before: GRABER, W. FLETCHER, and OWENS, Circuit Judges.

Defendant Yuzef Abramov appeals his conviction on five counts of

engaging in illicit sexual conduct in foreign places, in violation of 18 U.S.C.

§ 2423(c) (2009).  We affirm.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1.  Defendant first argues that the district court erred by denying his motion to dismiss the indictment.  We review that ruling de novo.  United States v. Ubaldo, 859 F.3d 690, 699 (9th Cir. 2017), cert. denied, 138 S. Ct. 704 (2018).  Defendant argues that the statute does not apply to his conduct because, even though he is a United States citizen, he resided and was domiciled in Russia and thus did not "travel[]" to Russia, 18 U.S.C. § 2423(c) (2009).  See United States v. Pepe, 895 F.3d 675, 687–90 (9th Cir. 2018) (describing the correct interpretation of the statute).  When we view the facts in the light most favorable to the government, Ubaldo, 859 F.3d at 701, the record does not bear out that characterization.[1]  Defendant resided in Los Angeles, where he had a driver's license and where his children and ex-wife lived.  Indeed, Defendant asserted in a 2013 letter to his member of Congress that, though he has "visited" Russia several times, he has been a permanent resident of Los Angeles since 2000, and the charged conduct took place several years after that.  Defendant traveled to Russia

_____

[1] Defendant argues that, when granting a post-verdict acquittal on his conviction under 18 U.S.C. § 2423(b), which criminalizes a citizen's travel in foreign commerce for the purpose of engaging in illicit sexual conduct, the district court "found" that Defendant lived in Russia.  We disagree.  The district court, in this jury trial, made no factual findings.  Rather, the court came to a legal conclusion that there was insufficient evidence for a jury to find in the government's favor on the dismissed count.  And the reason why the court came to that conclusion appears to be that having sex with children was not the predominant reason for Defendant's trips to Russia.

from California before each of the charged acts, which took place soon after his arrival in Russia, and then returned to California after each of the charged acts.[2]

2. We review for abuse of discretion the district court's denial of Defendant's motion to substitute counsel, United States v. Reyes-Bosque, 596 F.3d 1017, 1033 (9th Cir. 2010), and find none. The court conducted an evidentiary hearing concerning Defendant's request and permissibly concluded that the discord between Defendant and his counsel did not amount to a complete breakdown of communications but, rather, arose from Defendant's desire for delay and his disagreement with counsel's chosen trial strategy. The court permissibly concluded that counsel could provide an adequate defense.

3. Because we affirm the convictions, we need not consider the remaining issue.

**AFFIRMED.**

---

[2] Unlike the defendant in Pepe, Defendant does not challenge on appeal the jury instructions at his trial. Accordingly, Defendant has waived or forfeited any claim of erroneous jury instructions. United States v. Perez-Silvan, 861 F.3d 935, 938 (9th Cir. 2017).